UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE T. MCGHEE,

    Plaintiff,

v.                                    Case No. 06-CV-10337-DT

UNITED STATES POSTAL SERVICE,

    Defendant.
                                    /

**ORDER GRANTING DEFENDANT'S "MOTION TO DISMISS"**

Pending before the court is Defendant United States Postal Service's motion to dismiss, filed on April 25, 2006. Plaintiff Freddie T. McGhee submitted a response, labeled "Notice of Hearing" on June 12, 2006.[1] Having reviewed the briefs, the court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

**I. BACKGROUND**

Plaintiff initiated this action on January 25, 2006. In his *pro se* complaint, Plaintiff claims that he was terminated from the United States Postal Service ("USPS") because of his age and disabled status. (Compl. at 2.) In his complaint, Plaintiff asserts that he is bringing his action pursuant to Title VII of the Civil Rights Act of 1964, but he also appears to assert claims under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*

---

[1]On May 19, 2006, the court ordered Plaintiff to respond to Defendant's motion no later than June 2, 2006, and Defendant to file its reply brief no later than June 14, 2006. (*See* Dkt. # 7.) In his "Notice of Hearing," Plaintiff states that he "miss read [sic] the Information Letter and thought [he] had up to June 14, 2006, too [sic] turn in [his] response." (Pl.'s Resp. at 1.)

("Rehabilitation Act"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34. ("ADEA").[2]

On April 25, 2006, Defendant brought the instant motion, asking the court to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and subsection (6) for failure to state a claim upon which relief can be granted.[3]  *See* Fed. R. Civ. P. 12(b)(1) & (6).[4]

Plaintiff was hired by the USPS on October 1, 2005 and was subsequently terminated on October, 31, 2005.  (*See* Def.'s Mot. at Exs. 1-3.)  The USPS maintains that Plaintiff was fired because his "performance [did] not meet the standards of the Postal Service" and Plaintiff "loss [sic] control of [his Postal] vehicle" while making a right turn and struck a parked vehicle.  (Def.'s Mot. at Exs. 3 and 4.)  On the other hand,

---

[2] A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21; *Jones v.* Duncan, 840 F.2d 359, 361 (6th Cir. 1988).  While it is not a court's role to guess what claim a *pro se* litigant asserts, a court should not hold a *pro se* complaint to the same standard that it would of an attorney.  *See Haines*, 404 U.S. at 520; *Huges v. Rowe*, 449 U.S. 5, 10 (1980).

[3] Although the title of Defendant's motion indicates that it is seeking dismissal, the arguments in the brief are couched in summary judgment terms and rely on evidentiary support outside of the pleadings.  Under Federal Rule of Civil Procedure 56, summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

[4] Where a defendant brings a motion to dismiss on multiple grounds under Federal Rule of Civil Procedure 12, courts are "bound to consider the 12(b)(1) motion first, since the [alternative] challenge[s] become moot if th[e] court lacks subject matter jurisdiction."  *Moir*, 895 F.2d at 269 (citing *Bell v. Hood*, 327 U.S. 678 682 (1946)).

2

Plaintiff asserts that he was fired due to his age and disability. (Compl. at 2.) On November 7, 2005, Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC") regarding the USPS's alleged discriminatory conduct, stating that his removal was due to his race, age, and disability. (Def.'s Mot. at Ex. 5.) On December 27, 2005, an EEO ADR Specialist provided Plaintiff with a "Notice of Right to File Individual Complaint-Age" ("Notice"). (*Id.* at Exs. 7-9.) The EEOC informed Plaintiff that he could bypass the administrative complaint process for his age discrimination claim by filing an action in United States District Court, but he first had to file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. (*Id.* at Ex. 9.) Plaintiff was also instructed that "[o]nce [he] filed a timely notice of intent to sue with the EEOC, [he] must wait thirty . . . calendar days before filing a civil action." (*Id.*) By letter postmarked January 25, 2006, Plaintiff notified the EEOC's Office of Federal Operations of his intent to sue. (*Id.* at Exs. 10, 11.) On the same day, Plaintiff filed the instant action in this court.

## II.  STANDARD

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). The Sixth Circuit has held that "[i]n determination whether an action 'arises under' federal law, we are governed by the well-pleaded complaint rule, which requires that a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987))."Where subject matter

jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *See Mich. S. R.R. Co.*, 287 F.3d at 573 (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995).

### III.  DISCUSSION

Section 717(c) of Title VII of the Civil Rights Act of 1964, as amended, mandates that where a plaintiff pursues a civil action under the Act, the head of the department, agency, or unit, as appropriate, shall be the defendant.  42 U.S.C § 2000e-16(c).  As Defendant correctly notes, the Rehabilitation Act adopts "[t]he remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964" for aggrieved employees.  29 U.S.C. § 794a(a)(1).

As for Plaintiff's ADEA claim, the Supreme Court has held that due to their common purpose and nearly identical language, portions of the ADEA should be construed in accordance with Title VII. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) (holding that "Congress intended that the construction of § 14(b) [of the ADEA] should follow § 706(c) [of Title VII]").  In addition, the Sixth Circuit has borrowed

Title VII statutes of limitations for ADEA claims.  *See Burzynski v. Cohen*, 264 F.3d 611, 619 (6th Cir. 2001) (holding that the "Title VII is a natural source of borrowing a statute of limitations for age discrimination" because of the two statutes' common purpose).

Defendant argues that dismissal of Plaintiff's claims under Title VII, the ADEA, and the Rehabilitation Act is mandated because Plaintiff has brought suit against the USPS, rather than the head of the department.  Pursuant to Title VII, the head of the USPS is the proper defendant when a plaintiff alleges discrimination by the USPS.  *See* 42 U.S.C. § 2000e-16(c).  Although the Sixth Circuit has not yet ruled on this issue, several circuits have expressly held that the head of a federal agency or department is the only proper defendant in a Rehabilitation Act and ADEA action, as in a Title VII action.  *See Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (holding that "the appropriate defendant to be sued under the ADEA is the same person as under Title VII and the Rehabilitation Act"); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986); *Ellis v. United States Postal Service*, 794 F.2d 835, 838 (7th Cir. 1986) ("[I]n a Title VII action alleging discrimination in the Postal Service, the only proper defendant is the head of the agency-the Postmaster General"); *but see Schostak v. United States Postal Service*, 655 F.Supp. 764 (D. Maine 1987).  Based on the weight of authority relating to this issue, the court can conclude only that the proper defendant in this matter is the Postmaster General because he is the head of the Postal Service.  Because Plaintiff's claims were brought against the USPS and not the Postmaster General, his action must be dismissed.  *See Hancock v. Egger*, 848 F.2d 87, 89 (6th Cir. 1988) (holding in a Title VII action that "[t]he proper defendant was not named in this action.  Adherence to the statute's requirements is mandatory, and we are neither authorized nor inclined to

5

ignore its mandate.")[5]  Accordingly, the court will grant Defendant's motion.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss" [Dkt. # 6] is GRANTED.


       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE


Dated:  June 29, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2006, by electronic and/or ordinary mail.


       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522

---

[5] The court is inclined to find that even if Plaintiff had brought his claims against the proper defendant, his Title VII and Rehabilitation Act claims would fail for failure to exhaust his administrative remedies, as a plaintiff must have first exhausted all of his administrative remedies prior to bringing an action in federal court under either Title VII or the Rehabilitation Act.  See 42 U.S.C. § 2000e-16(c); *Brown v. General Services Administration*, 425 U.S. 820, at 829-32 (1976); *Smith v. United States Postal Service*, 742 F.2d 257, 260-62.  Moreover, Plaintiff's ADEA claim could be dismissed on grounds that Plaintiff did not wait the requisite 30 days after giving the EEOC notice of his intent to sue before filing this action in this court, as is statutorily required.  See 29 U.S.C. § 633a(d). Plaintiff completed the first step toward exhausting his administrative remedies by seeking to informally resolve his dispute within 45 days of the alleged discrimination.  (*See* Def.'s Mot. at Ex. 6.)  However, Plaintiff did not file a formal complaint within 15 days after notice of his right to do so, and therefore, his claim is precluded for failure to exhaust administrative remedies.  See *Brown*, 425 U.S. at 832; *Quillen v. United States Postal Service*, 564 F. Supp. 314, 317 (E.D. Mich. 1983).

S:\Cleland\JUDGE'S DESK\Odd Orders\06-10337.MCGHEE.GrantingDef.'sMotiontoDismiss.wpd